**SOUTH MAIN AKRON, INC., Plaintiff-Appellant, v. LYNN REALTY, INC. et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4639. Decided September 5, 1951.

Robert Dow Hamilton, Columbus, for plaintiff-appellant.
Vorys, Sater, Seymour & Pease, Columbus, for defendants-appellees.

## OPINION

By THE COURT.

Submitted upon motion by the defendants-appellees seeking an order striking from the files the bill of exceptions filed in the trial court on June 14, 1951, and in this court on July 14, 1951, for the reason that the same was not filed within the time required by §11564 GC.

The record discloses that the appeal is on questions of law from the judgment overruling a motion by the plaintiff-appellant for the appointment of a receiver. This motion was made before the trial of the cause and upon the merits

and before answer. This order was entered on April 12, 1951, and notice of appeal from the same was filed on April 30, 1951. The bill of exceptions was filed in the Common Pleas Court on June 14, 1951, which was approximately sixty-three days after the date of the judgment entry. No motion for a new trial was filed. Subsequent to the entry of the court's order of April 12, 1951, to wit, on May 5, 1951, an entry was filed, duly signed by the trial judge, which was identical to the one of April 12 and appears to be a carbon copy of the same. Later, on May 18, 1951, another carbon copy of the entry of April 12, 1951, properly signed by the trial judge was again filed. The original notice of appeal was directed to the judgment of April 12, but on June 13, 1951, the appellant filed an "Amendment to Notice of Appeal," designating the purported entries of May 5, 1951, and May 18, 1951, as additional orders or judgments appealed from. It is well recognized as the law of this state that a bill of exceptions not filed within the time required by §11564 GC will be stricken by the appellate court upon motion. **Teegarden v. Teegarden, 80 Oh Ap 79; Eubank v. Industrial Commission, 59 Oh Ap 189.** If the judgment entries of May 5 and May 18 were authorized the court would be required to give its approval to the amendment. **Mosey v. Hiestand, 138 Oh St 249.** But it is our conclusion that the trial court was without authority to make the subsequent judgment entries, as they are identical with the first judgment and no additional pleadings were filed nor further hearings had after the first judgment entry. Since the two subsequent entries were not authorized as all of the issues were adjudicated in the first order, they confer no additional rights upon the appellant.

The motion will be sustained.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.